**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7823**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLENNEL PIERRE COBB,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Frank W. Volk, District Judge. (5:17-cr-00155-1)

Submitted: August 27, 2021                    Decided: October 14, 2021

Before KING and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion. Judge Quattlebaum dissents.

Clennel Pierre Cobb, Appellant Pro Se. Jeremy Bryan Wolfe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clennel Pierre Cobb appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, requesting that the district court reduce his sentence to time served. The district court applied U.S. Sentencing Guidelines Manual § 1B1.13, p.s., cmt. n.1(A) (2018), concluded that Cobb did not demonstrate eligibility for relief, and found that the 18 U.S.C. § 3553(a) factors did not support release. We vacate the district court's order and remand for further proceedings.

"Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if the 'court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction' and that the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and if the § 3553(a) sentencing factors merit a reduction." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Our review of the district court's order is for an abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021) (per curiam).

Although there is no policy statement "applicable" to motions for compassionate release filed by defendants, "which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction," *McCoy*, 981 F.3d at 281, 283, the policy statement applicable to motions filed by the Bureau of Prisons "remains helpful guidance even when motions are filed by defendants," *id.* at 282 n.7; *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). In the context of the COVID-19 pandemic, the

2

relevant inquiry is not whether the medical condition matches the severity of the listed medical conditions but whether the condition renders the movant particularly susceptible to severe illness or death from COVID-19. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

Although the district court—which did not mention the COVID-19 pandemic when discussing Cobb's medical conditions of chronic obstructive pulmonary disease, emphysema, and severe bullous emphysema—should not, in retrospect, have limited its inquiry to USSG § 1B1.13, p.s., the court did not have the benefit of our decision in *McCoy*. However, a denial of a compassionate release motion may be affirmed despite a flaw in the extraordinary-and-compelling-reason analysis if the district court's consideration of the § 3553(a) factors was sound. *See High*, 997 F.3d at 186 (affirming denial of compassionate release based on balancing of § 3553(a) factors, even though "district court did not explicitly address or even question [defendant's] argument for extraordinary and compelling reasons"). Even when a district court errs in applying USSG § 1B1.13, p.s., it may not be an abuse of discretion when it considers the same factors under § 3553(a). *See Kibble*, 992 F.3d at 330-32. We conclude that the district court's brief consideration of the § 3553(a) factors did not cure its failure to consider the impact of the COVID-19 pandemic on Cobb's medical conditions.

3

Accordingly, we vacate the district court's order denying Cobb's motion for compassionate release and remand for the court to reconsider Cobb's motion in light of *McCoy*, *High*, and *Kibble*. We express no view on the merits of Cobb's motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*